**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EARLENE HOUSE,**

                         **Plaintiff,**                      6:13-cv-785
                                                                          (GLS)

                    v.

**COMMISSIONER OF THE**
**SOCIAL SECURITY**
**ADMINISTRATION,**

                         **Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
DeSantis, DeSantis Law Firm        MICHAEL V. DESANTIS, ESQ.
286 Genesee Street
Utica, NY 13501-2172

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN    AMANDA J. LOCKSHIN
United States Attorney              Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Earlene House challenges the Commissioner of Social Security's partial denial of Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering House's arguments, the court affirms the Commissioner's decision and dismisses House's complaint.

## II. Background

On June 16, 2010, House filed an application for DIB under the Social Security Act ("the Act"), alleging disability since January 2, 2010. (Tr.[1] at 64, 124-28.) After her application was denied, (*id.* at 65-68), House requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 71-73). A hearing was held on September 14, 2011. (*Id.* at 30-63.) On November 23, 2011, the ALJ issued a partially favorable decision, denying the requested benefits as of the alleged onset date of January 2, 2010, but finding that House was disabled as of January 3, 2011, (*id.* at 12-29), which became the Commissioner's final determination upon the Appeals

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

Council's denial of review, (*id.* at 1-6).

House commenced the present action by filing her complaint on July 2, 2013 wherein she sought review of the Commissioner's determination. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 10, 13.)

### III. **Contentions**

House contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 10 at 5-19.) Specifically, House argues that the ALJ erred in determining her residual functional capacity (RFC) by improperly weighing the record evidence. (*Id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (Dkt. No. 13 at 4-9.)

### IV. **Facts**

The court adopts the parties' undisputed factual recitations. (Dkt. No. 10 at 4-5; Dkt. No. 13 at 1-2.)

### V. **Standard of Review**

The standard for reviewing the Commissioner's final decision under

42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. <u>Discussion</u>

### A. <u>RFC Determination</u>

With respect to the ALJ's RFC determination, House argues that it is not supported by substantial evidence, and that the ALJ improperly evaluated the opinion evidence. (Dkt. No. 10 at 5-19.) Specifically, House argues that the record evidence demonstrates she had a severe disability and was unable to perform even sedentary work beginning on the alleged onset date of January 2, 2010, and contends that the opinion of her treating physician, Dr. Arul Kannan, should have been given controlling weight. (*Id.*) The Commissioner asserts that the ALJ's determination is supported by substantial record evidence, and that he properly declined to give Dr. Kannan's September 2011 opinion controlling weight with respect to House's condition in 2010 because the opinion did not indicate that it was

4

intended to cover House's past limitations. (Dkt. No. 13 at 4-9.) The court agrees with the Commissioner.

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence[2] in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. *See* 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ must provide "good reasons for the weight given to the treating source's opinion." *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (internal quotation marks and citations omitted). "Nevertheless, where the evidence of record permits [the court] to glean the rationale of an ALJ's decision," it is not necessary that the ALJ "have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Id*. (internal quotation marks and citation omitted).

Here, House alleged an onset date of January 2, 2010, (Tr. at 124), and argues that she should have been found disabled beginning on that date. (Dkt. No. 10 at 5-19.) However, the ALJ determined that she was disabled beginning on January 3, 2011, and that, in 2010, she retained the RFC to perform sedentary work. (Tr. at 22-24.) Therefore, the relevant inquiry here is whether this determination is supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Perez*, 77 F.3d at 46.

After reviewing the record, it is clear that substantial evidence

supports a finding that House was capable of sedentary work[3] in 2010. Notably, in May 2010, Dr. Louis Benton, after performing an independent orthopedic examination of House, indicated that "[s]he is not totally disabled[, and] could return to her work as a [nurse's aide]," but should be limited to lifting fifteen pounds. (Tr. at 242-45.) Also in May 2010, treating physician Dr. Sajid Khan reported House's complaints that she was unable to sit comfortably for more than five minutes, but noted that during the examination, House was "sitting in the chair in no acute distress." (*Id.* at 298-99.) In August 2010, consultative examiner Dr. Kalyani Ganesh noted that House "appeared to be in no acute distress," as she was "[a]ble to rise from chair without difficulty." (*Id.* at 389.) Although a "[m]oderate limitation standing, walking, and climbing" was indicated, House had "[n]o gross limitation sitting." (*Id.* at 391.) Finally, in a physical RFC assessment conducted in August 2010, House was found able to occasionally lift and/or carry twenty pounds, as well as stand and/or walk at least two hours, and sit for six hours, in an eight-hour workday. (*Id.* at 397-402.)

Although House argues that there is substantial record evidence to

---

[3] A sedentary job is defined as one in which "periods of standing or walking should generally total no more than about [two] hours of an [eight]-hour workday, and sitting should generally total approximately [six] hours of an [eight]-hour workday." SSR 83-10, 1983 WL 31251, at *5 (1983).

7

support her assertion that she was disabled as of her alleged onset date, there is also substantial evidence, as enumerated above, supporting the ALJ's determination that she was capable of performing sedentary work in the period between her alleged onset date—January 2, 2010—and the date on which the ALJ determined her to be disabled—January 3, 2011. Accordingly, given the standard under which the court reviews the ALJ's determinations, *see* 42 U.S.C. § 405(g); *Perez*, 77 F.3d at 46, this determination is supported by substantial evidence, and therefore must be affirmed.

In a related argument, House further argues that the September 2011 medical source statement of her treating physician, Dr. Kannan, in which he opined that House could not sit, stand, or walk for more than one hour each at any one time, or more than two hours total in an eight-hour workday, (Tr. at 458-63), should be given controlling weight as far back as House's alleged onset date of January 2, 2010. (Dkt. No. 10 at 12-16.) The ALJ gave this opinion "[g]reat evidentiary weight" as far back as House's surgery in March 2011 and, "giving [her] the benefit of the doubt[,]

prior to that date to the date of her [fiftieth] birthday."[4]  (Tr. at 22.)
However, noting that Dr. Kannan "did not indicate that [this] was his opinion
as of any date earlier than the date he made it," the ALJ appropriately
declined to find it applicable to House's condition throughout 2010.  (*Id.*)  In
fact, the form completed by Dr. Kannan explicitly indicates that "the
limitations above are assumed to be your opinion regarding current
limitations only," and asks the medical source: "if you have sufficient
information to form an opinion within a reasonable degree of medical
probability as to past limitations, on what date were the limitations you
found above first present?"  (*Id.* at 463.)  Dr. Kannan did not complete this
section.  (*Id.*)

Additionally, as further discussed above, this opinion is inconsistent
with other substantial evidence of record, and thus the ALJ did not err in
giving it less than controlling weight regarding House's RFC and her ability
to perform sedentary work in 2010.  20 C.F.R. § 404.1527(c)(2); *see*

---

[4] The court notes that, in finding House disabled as of January 3, 2011, the ALJ indicated that on that date, House turned fifty years of age, changing her age category from "younger individual age 45-49" to "individual closely approaching advanced age."  (Tr. at 22 (citing 20 C.F.R. § 404.1563).)  Therefore, even if the ALJ had found that House was capable of sedentary work after January 3, 2011, "a finding of 'disabled' [would be] directed by Medical-Vocational Rule 201.10," (*id.* at 23), given her age, education level, lack of transferable work skills, and RFC for sedentary work.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.10.

*Halloran*, 362 F.3d at 32. In sum, the weight afforded to the various opinions by the ALJ, for reasons which are fully articulated in his written decision, is supported by substantial evidence. (Tr. at 20-22.) The ALJ also undertook a thorough discussion of the medical and testimonial evidence of record, which supports his determination that, between the alleged onset date of January 2, 2010, and the ALJ's established disability date of January 3, 2011, House was capable of sedentary work. (*Id.*) As such, the court affirms the ALJ's RFC determination.

## B. <u>Remaining Findings and Conclusions</u>

After careful review of the record, the court affirms the remainder of the ALJ's decision as it correctly applies the relevant legal standards and is supported by substantial evidence.

## VII. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and House's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 5, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court